# In the United States Court of Federal Claims

No. 17-1481 C

(E-Filed: March 26, 2018)

|  |  |  |
|---|---|---|
| GEORGIA POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Dismiss; RCFC 12(b)(6); |
| | ) | Collateral Estoppel; Covenant of Good |
| v. | ) | Faith and Fair Dealing. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Alan T. Rogers, Birmingham, AL, for plaintiff.

Borislav Kushnir, Washington, DC, with whom were Chad A. Readler, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

     Before the court is defendant's motion to dismiss two claims in plaintiff's complaint—the first relating to the recovery of certain fees levied by the Nuclear Regulatory Commission (NRC), and the second to plaintiff's claim for breach of the covenant of good faith and fair dealing. See ECF No. 11. According to defendant, plaintiff litigated the issue of NRC fees in the previous iteration of this case, and thus, its claims are barred by the doctrine of collateral estoppel. See id. at 1-2. In addition, defendant argues that the court should dismiss plaintiff's claim that defendant breached the covenant of good faith and fair dealing as duplicative of its claim for breach of contract, on which defendant concedes "liability already is established." Id. at 2. Defendant's motion to dismiss is fully briefed and ripe for a decision by the court. See ECF Nos. 16 (response brief); 21 (reply brief). For the following reasons, defendant's motion is **GRANTED**.

I.     Background

This is the fourth round of litigation brought by plaintiff against the United States in an effort to recover damages related to the continuing breach of a contract for the removal of spent nuclear fuel (SNF) from plaintiff's facilities.  See ECF No. 1.[1] Plaintiff initially filed suit in 1998, and the court ultimately granted summary judgment in its favor on the issue of liability.  See S. Nuclear Operating Co., et al. v. United States, Case No. 98-614, ECF Nos. 1 (complaint); 234 (order of April 7, 2004).  The court determined damages in the trial that followed.  See S. Nuclear Operating Co., et al. v. United States, 77 Fed. Cl. 396 (2007).  Although the United States Court of Appeals for the Federal Circuit reversed a portion of the damages award on appeal, it affirmed that "liability in these SNF cases has been established."  S. Nuclear Operating Co., et al. v. United States, 637 F.3d 1297, 1299 (Fed. Cir. 2011).  Following remand, the parties settled the remaining issues relating to damages accrued through December 31, 2004. See S. Nuclear, Case No. 98-614, ECF Nos. 422 (stipulation on damages); 424 (judgment).

Because this situation involves a continuing breach on the government's part, namely the government's continuing failure to remove the SNF from plaintiff's facilities, plaintiff filed a second case in this court in an effort to recover damages accrued from January 1, 2005, through December 31, 2010.  See Alabama Power Co., et al. v. United States, Case No. 08-237, ECF No. 1.  Plaintiff's damages claim consisted of alleged entitlement to:  (1) costs incurred for certain plant construction, maintenance and operation; (2) costs incurred for certain activities related to the handling of SNF; and, (3) a portion of the generic fees collected by the NRC.  See generally Alabama Power Co., et al. v. United States, 119 Fed. Cl. 615 (2014).  The court held that plaintiff was entitled to a significant recovery, but that award did not include the recovery of NRC fees.  See id. at 641.  Specifically, the court held that plaintiff failed to prove the causal relationship between defendant's breach of contract and the subsequent increase in NRC fees.  See id. at 640.  Absent proof of causation, plaintiff was not entitled to recover the fee differential.  See id.  Importantly, for the purpose at hand, the court concluded this section of its opinion by noting:

---

[1]     The history of these agreements is long and complex, and the court has discussed the details at length in previous opinions.  See Alabama Power Co., et al. v. United States, 119 Fed. Cl. 615 (2014); S. Nuclear Operating Co. v. United States, 77 Fed. Cl. 396 (2007), aff'd in part, vacated in part, 637 F.3d 1297 (Fed. Cir. 2011).  Because the specifics of the contracts at issue in the litigation more broadly are not directly relevant to the question immediately before the court, the court will not repeat them here.

> To be clear, the court does not hold that plaintiffs cannot, as a matter of law, establish causation. But in this case, considering the Federal Circuit's binding precedent, plaintiffs have failed to present sufficient evidence to support a finding that the government's breach was a substantial causal factor in the NRC's decision to increase fees.

Id. at 641.

In plaintiff's third case, which is still pending before the court, it seeks to recover damages incurred since January 1, 2011.  See Georgia Power Co. v. United States, Case No. 14-167, ECF No. 1 at 2.  As part of those damages, plaintiff again sought to recover a portion of the generic NRC fees.  Id. at 7 (alleging that plaintiff "has also incurred increased and/or additional regulatory fees, including but not limited to the dry storage portion of the Spent Fuel Storage/Reactor Decommissioning Fee imposed by the Nuclear Regulatory Commission, as a result of the Government's partial breach of the Standard Contract").  Defendant filed a motion for partial summary judgment on the discrete issue of NRC fees, and the court granted the requested relief, determining that plaintiff's claim for NRC fees was barred by the doctrine of collateral estoppel.  Following an extended analysis, the court concluded that "[c]onsidering the findings of the court in the previous round of litigation, and the allegations presented to the court in the instant matter, the court finds that plaintiffs are collaterally estopped from alleging entitlement to recovery of NRC fees."  Alabama Power Co., et. al v. United States, 132 Fed. Cl. 412, 418 (2017).

Now, in its fourth case before this court, plaintiff yet again seeks to recover NRC fees.  The allegation is nearly identical to its counterpart in plaintiff's third case (Georgia Power, Case No. 14-167), stating that plaintiff "has also incurred increased and/or additional regulatory fees and other types of fees, including but not limited to the dry storage portion of the Spent Fuel Storage/Reactor Decommissioning Fee imposed by the Nuclear Regulatory Commission, as a result of the Government's partial breach of the Standard Contracts."  ECF No. 1 at 7.

Plaintiff's complaint in this matter alleges both a claim for partial breach of contract, and a claim for breach of the implied covenant of good faith and fair dealing. As noted above, the Federal Circuit has previously affirmed that "liability in these SNF cases has been established," on a partial breach of contract theory.  S. Nuclear Operating Co., 637 F.3d at 1299.  As such, according to defendant, plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed as unnecessary and duplicative.  See ECF No. 11 at 2.

3

II.      Legal Standards

A complaint should be dismissed under Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC) "when the facts asserted by the claimant do not entitle him to a legal remedy."  Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  To survive a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  The basis for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (citations omitted).  However, "[i]n ruling on a RCFC 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff."  Bristol Bay Area Health Corp. v. United States, 110 Fed. Cl. 251, 259 (2013) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

Here, defendant argues that plaintiff's claim to recover NRC fees is barred by the doctrine of collateral estoppel.  The doctrine of collateral estoppel, also known as issue preclusion, "protects the finality of judgments by 'preclud[ing] relitigation in a second suit of claims actually litigated and determined in the first suit.'"  See Laguna Hermosa Corp. v. United States, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (quoting In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994)).  Collateral estoppel applies to bar a successive claim when:  "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the first action."  See id. (citing Freeman, 30 F.3d at 1465).

III.     Analysis

   A.     NRC Fees

In its motion, defendant argues that the court should dismiss plaintiff's most recent attempt to recover NRC fees because "the Court already has ruled in the previous, and on-going, round of spent fuel litigation that plaintiff is collaterally estopped from relitigating this issue, and this next attempt to do so is no different from its last."  ECF No. 11 at 3.  The court agrees.  The allegations related to NRC fees in the present complaint are nearly identical to the allegations the court previously disallowed. Compare Georgia Power, Case No. 14-167, ECF No. 1 at 7 (alleging that plaintiff "has also incurred increased and/or additional regulatory fees, including but not limited to the dry storage portion of the Spent Fuel Storage/Reactor Decommissioning Fee imposed by the Nuclear Regulatory Commission, as a result of the Government's partial breach of the Standard Contract"), with ECF No. 1 at 7 (alleging that plaintiff "has also incurred

4

increased and/or additional regulatory fees and other types of fees, including but not limited to the dry storage portion of the Spent Fuel Storage/Reactor Decommissioning Fee imposed by the Nuclear Regulatory Commission, as a result of the Government's partial breach of the Standard Contract").

In response, plaintiff does not point to any material difference between the allegations that would support a different result in this case, but instead argues that it should be permitted to seek recovery of the NRC fees because "this issue has not yet been settled by the Federal Circuit and that the issue remains pending in at least one other spent nuclear fuel case currently before the Court of Federal Claims." ECF No. 16 at 2. As plaintiff correctly notes, this court has held, in an unrelated case, that "recovery of NRC fees is not precluded as a matter of law." Entergy Nuclear Indian Point 2, LLC v. United States, 121 Fed. Cl. 667, 671 (2015). As between the present parties, however, the issue has been precluded for failure of proof. See Alabama Power, 119 Fed. Cl. at 641 (holding that "plaintiffs have failed to present sufficient evidence to support a finding that the government's breach was a substantial causal factor in the NRC's decision to increase fees"). And as the court has already decided, any attempt to re-litigate the issue is barred by collateral estoppel. See Alabama Power, 132 Fed. Cl. at 417 ("Considering the findings of the court in the previous round of litigation, and the allegations presented to the court in the instant matter, the court finds that plaintiffs are collaterally estopped from alleging entitlement to recovery of NRC fees.").

Because the allegations made in the present complaint are nearly identical to those made in the third case, the court considers it unnecessary to repeat the entirety of its extended analysis applying the collateral estoppel doctrine to the allegations of the third case. For the same reasons stated therein, the court finds that: (1) the issues are identical; (2) the issue was actually previously litigated; (3) the resolution of the issue was essential to the previously entered final judgment; and (4) plaintiff had a full and fair opportunity to litigate the issue. See generally Alabama Power, 132 Fed. Cl. 412.

Plaintiff is not without a remedy, however, should the Federal Circuit issue a relevant decision before final judgment is entered in the present case. Plaintiff may move, pursuant to RCFC 59(a) for reconsideration of the court's determination that its claim for NRC fees is barred by collateral estoppel. Rule 59(a)(1) provides that rehearing or reconsideration may be granted: "(A) for any of reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1). The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear

factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir.) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)), cert. denied, 137 S. Ct. 389 (2016).  As plaintiff notes in its response, courts recognize a change in controlling law as a basis for declining to apply the doctrine of collateral estoppel.  See ECF No. 16 at 5-6 (citing Comm'r v. Sunnen, 333 U.S. 591, 599 (1948) and Bingaman v. Dep't of Treasury, 127 F.3d 1431 (Fed. Cir. 1997)).

For these reasons, the court **GRANTS** defendant's motion to dismiss plaintiff's claim for NRC fees, but notes the essential function of RCFC 59(a) in ensuring a fair resolution of the matters before the court should controlling law change in the course of this litigation.

### B.     Covenant of Good Faith and Fair Dealing

Defendant argues that plaintiff's claim for breach of the implied covenant of good faith and fair dealing should also be dismissed because "it duplicates the breach of contract claim on which liability already is established."  See ECF No. 11 at 2.  In response, plaintiff argues that it has presented allegations that are "supplemental to the allegations necessary for Georgia Power's breach of contract claim," ECF No. 16 at 8, and that its claim is further supported by "numerous other facts that are firmly established within spent nuclear fuel case law and are otherwise within the Court's judicial knowledge," id. at 9.

As a matter of basic contract law, the court notes that "[b]reach of the duty of good faith and fair dealing is a theory of breach of the underlying contract, not a separate cause of action." CFS Int'l Capital Corp. v. United States, 118 Fed. Cl. 694, 701 (2014) (citations omitted).  "To state a claim for breach of the implied covenant of good faith and fair dealing, a party . . . generally must allege some kind of 'subterfuge[ ]' or 'evasion[ ],' such as 'evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, [or] interference with or failure to cooperate in the other party's performance.'"  Dotcom Assocs. I, LLC v. United States, 112 Fed. Cl. 594, 596 (2013) (citing Restatement (Second) of Contracts § 205 (1981)).  In order to maintain both claims, plaintiff must show that each is founded on different allegations.  See CFS Int'l, 118 Fed. Cl. at 701.

The following allegations appear to be the crux of plaintiff's claim that defendant breached its implied duties:

> 36.    The Government breached the covenants of good faith and fair dealing by failing and/or refusing to accept and take title to the SNF generated by Plant Vogtle Units 1 & 2, by failing and/or refusing to remove

> and store or otherwise dispose of that SNF, by failing and/or refusing to take appropriate actions to ensure that DOE would remove and store or otherwise dispose of that SNF, by otherwise unreasonably failing and/or refusing to perform its obligations under the Standard Contract for Plant Vogtle Units 1 & 2, and by routinely attempting to avoid its obligations under the Standard Contracts.
>
> 37.   In contrast to the Government's failure to take any action to meet its contractual commitments to domestic utilities, the Government has taken action to receive, transport and store SNF from other entities.   For example, the Government continues to accept and store SNF from foreign research reactors.

ECF No. 1 at 8.   In the court's view, the only portion of these allegations that might be fairly construed as alleging subterfuge or evasion, beyond a breach of the express terms of the contract, is the assertion that defendant was "routinely attempting to avoid its obligations under the Standard Contract."   See id.

The court, of course, construes all allegations in the light most favorable to the plaintiff when deciding a motion to dismiss.   See Bristol Bay, 110 Fed. Cl. at 259. After a careful review of the instant complaint, however, the court found no alleged facts that even arguably support plaintiff's conclusion that defendant was attempting to avoid is obligations.   Absent such facts, the court cannot find that plaintiff's claim "raise[s] a right to relief above the speculative level."   Twombly, 550 U.S. at 545.   The court does not credit plaintiff's assertion that it should fill in the blanks on plaintiff's behalf with facts already "within this Court's judicial knowledge."   ECF No. 16 at 8.

As such, plaintiff has failed to state a claim upon which relief can be granted on the theory of breach of the implied covenant of good faith and fair dealing.

IV.   Conclusion

For the foregoing reasons, defendant's motion to dismiss plaintiff's claim to recover NRC fees and its claim that defendant breached the implied covenant of good faith and fair dealing is **GRANTED**, and these claims are **DISMISSED**.

Defendant shall **FILE** its **answer** or otherwise respond to the remaining allegations of the complaint on or before **April 26, 2018**.

IT IS SO ORDERED.

                                                      s/Patricia E. Campbell-Smith
                                                      PATRICIA E. CAMPBELL-SMITH
                                                      Judge